UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRENCE A. ELEEN,

                    Plaintiff,                    Civil No. 05-697-HA

                    v.                        O R D E R

JO ANNE B. BARNHART,
COMMISSIONER of Social Security,

                    Defendant.

_____

HAGGERTY, Chief Judge:

      Plaintiff brings this action pursuant to § 405(g) of the Social Security Act, as

amended, 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of a final decision of the

Commissioner of the Social Security Administration (SSA) that denied his application for

disability insurance benefits (DIB).  Plaintiff seeks Judgment either in the form of a finding

that plaintiff is entitled to the benefits he seeks, or an Order of Remand returning this action

to the SSA for further consideration.

1 - ORDER

Counsel for the Commissioner contend that the Commissioner's final decision is supported by substantial evidence and is free of legal error. This matter has been taken under advisement. After reviewing the record of this case fully, this court concludes that the Commissioner's decision must be remanded for further proceedings. In the interests of justice, the court also orders that these further proceedings be undertaken by a different Administrative Law Judge (ALJ).

BACKGROUND

In light of the posture of this litigation, only a brief summary of the administrative history is necessary. Plaintiff filed the application for disability insurance benefits at issue on March 14, 2002. There is no dispute that he qualified for disability benefit insurance up to and including December 31, 1997.

His application alleged disability commencing in November 1996 from acute asthma and bronchitis. Tr. 205. This claim was denied initially, and upon reconsideration. Tr. 34-35, 48-56. An ALJ conducted a hearing reviewing this denial on May 1, 2003.

On July 21, 2003, the ALJ issued a decision concluding that plaintiff was ineligible for Title II disability insurance benefits because he had not been engaged in substantial gainful activity (SGA) through his date last insured. Tr. 36-47.

The SSA Appeals Council accepted review of this decision and remanded the case to the ALJ for further development. The Appeals Council also considered and rejected plaintiff's complaints about possible ALJ bias.

2 -  ORDER

The ALJ conducted a new hearing on September 1, 2004. Testimony was heard from plaintiff and Lawrence Duckler, M.D., a medical expert. Tr. 455-69.

On September 30, 2004, the ALJ issued a decision concluding that plaintiff had failed to establish that he had a severe medically determinable impairment during the relevant period, November 1, 1996 through December 31, 1997. Accordingly, the decision concluded that plaintiff was ineligible for a period of disability or disability insurance benefits. Tr. 23-33.

Plaintiff sought review of this decision and submitted additional evidence to the Appeals Council. The Council concluded that plaintiff's new information failed to provide a basis for changing the ALJ's decision, and declined further review. The Council also rejected renewed complaints about possible ALJ bias. Plaintiff's request for review was denied on March 18, 2005. Tr. 6-10. This rendered the ALJ's ruling the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 422.210. Plaintiff subsequently commenced this action.

**ANALYSIS**

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. Each step is potentially dispositive. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines whether the claimant is performing SGA. If claimant is performing SGA, the claimant is not disabled. 20 C.F.R. §§ 404.1520(4)(I), 404.1520(b), 404.1571, 404.1574(a). If the ALJ so finds, the ALJ proceeds no further. *Yuckert*, 482 U.S. at 140.

If the claimant is not performing SGA, the ALJ proceeds to step two, at which the

ALJ determines if the claimant has "a severe medically determinable physical or mental

impairment" that meets the twelve month duration requirement.  20 C.F.R. §§ 404.1509;

404.1520(4)(ii).  If the claimant does not have such a severe impairment, he or she is not

disabled.  *Id.*

At step three, the ALJ determines if the severe impairment meets or equals a "listed"

impairment in the regulations.  20 C.F.R. § 404.1520(4)(iii).  If the impairment is determined

to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three, the ALJ must first evaluate medical and

other relevant evidence in assessing the claimant's residual functional capacity (RFC).  The

claimant's RFC is an assessment of work-related activities the claimant may still perform on

a regular and continuing basis, despite limitations imposed by his or her impairments.  20

C.F.R. §§ 404.1520(e), Social Security Ruling (SSR) 96-8p.  The ALJ uses this information

to determine if the claimant can perform his or her past relevant work at step four, or perform

work in the national economy at step five.

If proceedings reach step five, the Commissioner must determine if the claimant is

capable of performing work existing in the national economy.  *Yuckert*, 482 U.S. at 141-42;

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. 404.1520(a)(4)(v).

The initial burden of establishing disability rests upon the claimant.  *Tackett*, 180

F.3d at 1098.  If the process reaches the fifth step, the burden shifts to the Commissioner to

show that jobs exist in the national economy within the claimant's RFC.  *Id.*  If the

Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.1520(g).

a.    **THE ALJ'S FINDING**

At step one the ALJ found that plaintiff had not engaged in SGA since the alleged onset of disability. Tr. 32. Plaintiff does not dispute this finding.

At step two, the ALJ found that plaintiff had not proved that he had an impairment or combination of impairments that were severe on or before December 31, 1997. Tr. 32.

Plaintiff argues that the ALJ's evaluation of the medical evidence and witness testimony pertaining to his disability onset date was not supported by substantial evidence. This court agrees that a remand for further proceedings is appropriate in this matter.

The United States Supreme Court has recognized two kinds of remands permitted under 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 101-03 (1991). A court may issue what is referred to as a "sentence four" remand in instances in which the Commissioner has erred in its prior consideration of the claimant's application for benefits. *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Under a "sentence six" remand, by contrast, the court may remand without making a determination as to the "correctness of the Secretary's decision." *Id*. (citing *Melkonyan*, 501 U.S. at 100).

Whether to remand under sentence four is a matter of judicial discretion. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). A remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The rule

recognizes "the importance of expediting disability claims." *Id.*  In cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would delay effectuating the primary purpose of the Social Security Act, which is to give financial assistance to disabled persons because they cannot sustain themselves.  *Id.*

The decision whether to remand for further proceedings turns upon the likely utility of such proceedings.  *Harman*, 211 F.3d at 1179.  In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made.  Further proceedings will be useful, and I exercise the discretion of the court to remand this case for additional administrative proceedings addressing plaintiff's medical evidence regarding his medical history and possible disability during the relevant period.

Specifically, pursuant to this remand plaintiff and Commissioner shall develop the record regarding the history and extent of plaintiff's impairments.  Upon remand, the ALJ is instructed to obtain updated medical records concerning the onset of plaintiff's disability and shall also provide plaintiff an opportunity to submit additional medical evidence in support of his onset date.

Additionally, the ALJ shall give proper, full consideration to the opinions proffered by Drs. John Keppel, Martin Milner, and Marilyn Rudin.  The ALJ and any medical experts who participate in the analysis of the evidence regarding the onset date of plaintiff's disability shall identify, address and evaluate each of the medical opinions and reports presented.  The court is confident that this analysis will be conducted in accordance with the guidelines and legal authorities applicable to the consideration of such evidence.

6 - OPINION AND ORDER

Moreover, although acknowledging that the Appeals Council has considered and rejected plaintiff's complaints regarding the possible bias of the ALJ, this court concludes that in the interests of justice and to avoid any appearance of impropriety after this litigation's protracted history, the further proceedings ordered by this court shall take place before a different ALJ. The new ALJ shall reassess plaintiff's testimony and shall make new determinations regarding plaintiff's credibility. This ALJ may, of course, also elect to request additional evidence and clarification of the opinions and medical source statements about plaintiff's limitations and residual functional capacity. Plaintiff shall be permitted to present evidence and witnesses, and to refer to and submit into the hearing record all testimony that has been presented already on his behalf.

        **b.**    **CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this __29___ day of September, 2006.


                _____/s/Ancer L.Haggerty_____
                      Ancer L. Haggerty
                  United States District Judge